UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MYRON REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | No. 2:15-cv-0140 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

By order filed February 23, 2015, plaintiff was directed to submit a certified copy of his trust account statement. On March 4, 2015, plaintiff filed his trust account statement.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing

1  fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will
2  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
3  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly
4  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.
5  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
6  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
7  § 1915(b)(2).
8      The court is required to screen complaints brought by prisoners seeking relief against a
9  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
10 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
11 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
12 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
13     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
15 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
16 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
17 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
18 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
20 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
21 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
22 1227.
23     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
24 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
25 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
26 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
27 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
28 formulaic recitation of the elements of a cause of action;" it must contain factual allegations

1  sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.
2  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
3  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
4  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
5  quotations marks omitted). In reviewing a complaint under this standard, the court must accept as
6  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
7  pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236
8  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9        In his first claim, plaintiff alleges medical malpractice based on defendant LVN Bello's
10 alleged wrongful action in cleaning wax from plaintiff's ear, allegedly resulting in plaintiff
11 suffering bleeding from his ear for seven days, pain, and lost hearing. (ECF No. 1 at 4-5.)
12 Plaintiff contends that an unidentified custody officer ordered plaintiff to sit through the painful
13 procedure despite plaintiff's cries of pain and request to terminate the procedure. Plaintiff alleges
14 that "all the doctors at Susanville failed to provide adequate health care services," refused to
15 timely schedule an ENT referral or to prescribe medication for plaintiff's pain, hearing loss,
16 vertigo and equilibrium dysfunction. On June 23, 2014, plaintiff alleges that defendant Officer
17 Barnes denied plaintiff access to medical care when plaintiff became disoriented. Plaintiff alleges
18 that defendant Daily forced plaintiff to return to work despite plaintiff's persistent ear infections,
19 hearing loss, pain, and equilibrium problem. Plaintiff contends that defendant Daily and
20 defendant Officer Johnson refused to call an ambulance for plaintiff when he complained he was
21 very dizzy and in pain.

22       Plaintiff states he has spoken with defendants Dr. Reed, Dr. Pomazal and Chief Medical
23 Executive Dr. Swingle regarding a referral to an ENT, and they all stated plaintiff was scheduled,
24 but later admitted that there was no contracted ENT. Upon his transfer to the California City
25 Institution, plaintiff states he requested a follow-up appointment for his persistent ear infections,
26 medications for pain, hearing loss, and equilibrium dysfunction. Plaintiff alleges that Dr. Ho
27 submitted a request for an ENT referral, which was denied, but Dr. Ho re-submitted the request.
28 On December 11, 2014, plaintiff was interviewed by Dr. Kitt via telemedicine and diagnosed with

chronic otitis externa and temporomandibular joint syndrome of the jaw, and recommended an site office visit to evaluate plaintiff's illness.  Plaintiff claims the infection has now spread to his jaw.  Plaintiff alleges that Chief Medical Executive Ross "continue[s] to inflict unnecessary wanton of injuries, that shock normal conscience [and impose] cruel and unusual punishment," (ECF No. 1 at 7), but plaintiff includes no specific factual allegations as to Dr. Ross.

In his second claim, plaintiff appears to claim that he was wrongfully assigned a P-Code classification which allegedly increases his risk assessment, apparently depriving him of access to the early release program designed to reduce the prison population or increasing the duration of his incarceration.  Plaintiff seeks monetary damages, as well as injunctive relief requiring Governor Brown to improve medical care and "not inflict injury, cruel and unusual punishment." (ECF No. 1 at 9.)

To the extent plaintiff seeks prospective injunctive relief to improve medical care for all inmates, such claim is barred by Plata v. Schwarzenegger, No. C 01-1351 THE (N.D. Cal.), a class action suit concerning the adequacy of medical care provided throughout the California state prison system.

Plaintiff's allegations in his first claim, based on medical malpractice, are insufficient to state a civil rights claim.  While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness,

4

1  which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation
2  marks omitted); Wilhelm, 680 F.3d at 1122.  Mere 'indifference,' 'negligence,' or 'medical
3  malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d
4  458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.)

5  Because plaintiff's allegations are based on negligence, such allegations fail to rise to the
6  level of deliberate indifference.  However, it may be that plaintiff can amend his complaint to
7  allege facts demonstrating a particular defendant acted with the culpable state of mind.  Thus,
8  plaintiff is granted leave to amend.  But plaintiff must specifically allege facts demonstrating that
9  each named defendant acted, or failed to act, with the requisite state of mind.

10 In addition, plaintiff named the California Department of Corrections and Rehabilitation
11 ("CDCR"), Custody and Medical Services Departments as defendants.  The Eleventh Amendment
12 serves as a jurisdictional bar to suits brought by private parties against a state or state agency
13 unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979);
14 Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-
15 50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.
16 Accordingly, plaintiff's claims against the CDCR and its Custody and Medical Services
17 Departments are frivolous and must be dismissed.  Plaintiff should not include these defendants in
18 any amended complaint.

19 Plaintiff's second claim is unavailing.  A prisoner does not have a constitutional right to a
20 particular classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting claim that a
21 parole violator warrant and detainer adversely affected his prison classification and qualification
22 for institutional programs).  The Supreme Court expressly rejected a claim that "prisoner
23 classification and eligibility for rehabilitative programs in the federal system" invoked due
24 process protections. Id.; Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) ("a prisoner
25 has no constitutional right to a particular classification status").  Thus, in general, prison officials'
26 housing and classification decisions do not give rise to federal constitutional claims encompassed
27 by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments.
28 See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  In addition, the Constitution does not

1    guarantee a prisoner placement in a particular prison or protect an inmate against being
2    transferred from one institution to another.  Meachum v. Fano, 427 U.S. 215, 223-225 (1976).
3    See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (prison authorities may change a
4    prisoner's "place of confinement even though the degree of confinement may be different and
5    prison life may be more disagreeable in one institution than in another" without violating the
6    prisoner's due process rights).  Thus, plaintiff's second claim is dismissed without prejudice, and
7    should not be included in any amended complaint.
8         The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
9    unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
10   court has determined that the complaint does not contain a short and plain statement as required
11   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
12   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
13   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least
14   some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
15   Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
16   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.
17        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
18   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.
19   Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each
20   named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is
21   some affirmative link or connection between a defendant's actions and the claimed deprivation.
22   Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
23   (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil
24   rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
25        Plaintiff must file his amended complaint on the form provided by the court, ensuring that
26   each named defendant is identified in the defendants' section on page two.  Unrelated claims
27   against different defendants must be pursued in multiple lawsuits.
28   ////

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

However, plaintiff need not re-submit his exhibits. The exhibits appended to the original complaint are a part of the court record and may be referred to by any party. (ECF No. 1 at 10-190.)

Finally, on February 24, 2015, plaintiff filed a document entitled "request to amend or consolidate." (ECF No. 13.) In light of the above, plaintiff's request is denied as moot.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

6. Plaintiff's February 24, 2015 request (ECF No. 13) is denied as moot.

Dated:  March 12, 2015

/reye0140.14n

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                               UNITED STATES DISTRICT COURT
9                           FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  | SHANE MYRON REYES,                        | No.  2:15-cv-0140 KJN P
12  |            Plaintiff,                     |
13  |      v.                                   | NOTICE OF AMENDMENT
14  | CALIFORNIA DEPARTMENT OF                  |
    | CORRECTIONS, et al.,                      |
15  |                                           |
    |            Defendants.                    |
16

17       Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19            _____         Amended Complaint
20  DATED:
21
                                     _____
22                                   Plaintiff
23
24
25
26
27
28