UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MYRON REYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No.  2:15-cv-0140 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed March 12, 2015, plaintiff's 191-page complaint was dismissed, and plaintiff was granted leave to file an amended complaint.  On March 16, 2015, plaintiff filed a request for court order allowing plaintiff to make legal copies in excess of 50 pages.  Plaintiff states that he "has complied [sic] documentation regarding the declaration of perjury and additional exhibits for the original petition [sic], over 167-pages."  (ECF No. 20 at 1.)  Plaintiff contends that Mrs. Heaslip told plaintiff that he must have a court order to obtain copies over 50 pages long.  (ECF No. 1-2.)

　　　　The regulation in question is Title 15 of the California Code of Regulations, section 3162. Subsection (c) provides:  "(c)  A legal document to be duplicated for any inmate, including all exhibits and attachments, shall be limited to the maximum number of pages needed for the filing,

1

not to exceed 50 pages in total length, except when necessary to advance litigation. The inmate shall provide to designated staff a written explanation of the need for excess document length." Cal. Code Regs., tit. 15, § 3162(c).

In his original complaint, plaintiff submitted 181 pages of exhibits. (ECF No. 1 at 10-191.) In the March 12, 2015 order, plaintiff was informed that he was not required to re-submit his exhibits with his amended complaint, and that exhibits previously submitted may be referred to by any party. (ECF No. 17 at 7.) Indeed, the practice of attaching reams of documents to a complaint usually does not aid the court in any way, and instead "needlessly complicates challenges to the sufficiency of pleadings." Montgomery v. Buege, 2009 WL 1034518 at *4 (E.D. Cal. April 16, 2009) (Shubb, J.) (striking attached exhibits which "do not form the basis of the claims alleged in the Complaint.").[1] Plaintiff provided copies of administrative appeals to his original pleading. However, non-exhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 549 U.S. 199, 204, 216 (2007). Thus, plaintiff is not required to prove exhaustion of administrative remedies in his initial pleading. In addition, the court is not a repository for plaintiff's evidence. Plaintiff is required to submit evidence in connection with dispositive motions or at trial. Plaintiff is not required to submit evidence with his initial pleading.

For all of the above reasons, plaintiff's motion for a court order allowing him to photocopy 167 pages is denied. Plaintiff did not indicate how long is his amended complaint, so it is unclear whether plaintiff needs a court order to photocopy his amended complaint and his accompanying declaration. However, prison officials should allow plaintiff to photocopy his amended complaint and declaration (without exhibits) pursuant to the March 12, 2015 order.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request (ECF No. 20) is denied without prejudice.

Dated: March 18, 2015

/reye0140.exhs

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, adding reams of exhibits to a complaint increases costs for service of process as each named defendant must be provided with one copy of the complete pleading.