UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MYRON REYES, | No. 2:15-cv-0140 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| LVN BELLO, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 11, 2015, defendants filed a motion to dismiss this action based on plaintiff's failure to keep the court apprised of his current address. Mail was returned to defendants marked "Refused Unable to Forward," and upon further inquiry, defendants learned that plaintiff paroled from state custody on June 11, 2015, but on September 1, 2015, plaintiff's parole was suspended because plaintiff had absconded parole and his whereabouts were unknown. (ECF No. 47 at 2.) Plaintiff failed to timely file an opposition, and on October 21, 2015, the court granted plaintiff an extension of time in which to oppose the motion.

On October 22, 2015, plaintiff filed a motion for "leave to file late" due to his recent incarceration on October 9, 2015, undelivered mail, and his "transit." (ECF No. 49 at 1.) Plaintiff claims that upon his arrest he attempted to review and respond in a timely manner, but that he does not have access to the law library. However, plaintiff failed to provide his current

1

1  mailing address. (ECF No. 49, *passim*.) Documents provided by plaintiff indicate that he was
2  arrested in San Diego County, but note the name of two different jails: Vista Jail and Central Jail.
3  (ECF No. 49 at 2, 4.) The envelope in which plaintiff's filing was submitted showed a return
4  address of George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, CA 92158-
5  0002. However, the San Diego County Jail inmate locator website,
6  http://apps.sdsheriff.net/wij/wij.aspx, states that no "Shane Reyes" or "Myron Reyes" is presently
7  in their custody. Similarly, the inmate locator for the California Department of Corrections and
8  Rehabilitation does not reflect that plaintiff has been returned to state custody.
9      On June 12, 2015, plaintiff was informed that:

> Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. See L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

16  (ECF No. 37 at 4-5.) Because plaintiff's present custody status is uncertain, his request for an
17  extension of time is granted. However, plaintiff is cautioned that he must inform the court of his
18  current mailing address, and his failure to do so will result in the dismissal of this action.
19      Accordingly, IT IS HEREBY ORDERED that:
20      1. Plaintiff is granted thirty days from the date of this order in which to file an opposition
21  to defendants' motion to dismiss;
22      2. The Clerk of the Court is directed to send plaintiff a copy of defendants' motion to
23  dismiss (ECF Nos. 47, 47-1); and
24      3. Plaintiff is cautioned that failure to oppose the motion will result in a recommendation
25  that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.
26  Dated: October 27, 2015

reye0140.eot

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2