UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MYRON REYES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LVN BELL, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-0140 KJM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　On September 11, 2015, defendants filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based on plaintiff's failure to keep the court apprised of his address as required by the June 15, 2015 order.  (ECF No. 37.)  Plaintiff has not opposed the motion.  As set forth below, defendants' motion should be granted.

　　　　Defendants state that plaintiff's copy of their amended answer was returned by the postal service marked "Refused Unable to Forward."  (ECF No. 47.)  Defendants checked with the California Correctional Institute ("CCC") litigation coordinator, who informed them that plaintiff paroled on June 11, 2015, to parole unit Region 4, San Diego #1.  On September 9, 2015, defendants contacted the parole unit, and were informed by Agent Andre Kemp that plaintiff's parole was suspended on September 1, 2015, because he had absconded parole and his whereabouts were unknown.  (ECF No. 47 at 2.)

////

On October 22, 2015, plaintiff filed a request for extension of time. (ECF No. 50.) Plaintiff failed to provide his current mailing address in his request for extension, and the inmate locators for the San Diego County Jail and the California Department of Corrections and Rehabilitation did not reflect that plaintiff was in custody. (ECF No. 50 at 2.) Thus, the order granting plaintiff an extension of time was served on plaintiff at the George Bailey Detention Facility in San Diego, which was the return address on plaintiff's envelope received on October 22, 2015. (ECF No. 50.) On October 28, 2015, copies of the motion to dismiss and the October 27, 2015 order were re-served on plaintiff at the George Bailey address. Each was returned to the court as undeliverable, unable to forward.

On June 12, 2015, the parties were informed that:

> Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. See L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

(ECF No. 37 at 4-5.) Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the June 12, 2015 order, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

Finally, in the October 27, 2015 order granting plaintiff an extension of time, plaintiff was reminded of his obligation to keep the court apprised of his current address, and was informed that failure to oppose the motion would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 50 at 2.) Although it appears from the record that plaintiff's copy of the order was returned, plaintiff was properly served. It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

Accordingly, plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion. IT IS HEREBY RECOMMENDED that:

1. Defendants' September 11, 2015 motion to dismiss (ECF No. 47) be granted; and

2. This action be dismissed. Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 14, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/reye0140.mtd.41b

3